HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ARTHUR S. WEST,

    Plaintiff,

v.

UNITED STATES SECRETARY OF TRANSPORTATION, FEDERAL AVIATION ADMINISTRATION, U.S. ARMY CORPS OF ENGINEERS, WASHINGTON STATE DEPARTMENT OF TRANSPORTATION,

    Defendants.

Case No. C06-5516RBL

ORDER

THIS MATTER comes on before the above-entitled Court upon the federal defendants' Motion to Set Aside Initial Scheduling Order Dates [Dkt. #17], Washington State Department of Transportation's Motion for Relief from Minute Order Deadlines [Dkt. #16], and plaintiff's Motion for a Preliminary Injunction Pending FAA Project Approval [Dkt. #20].

Having considered the entirety of the records and file herein, the Court finds and rules as follows:

This case is primarily a challenge under the Administrative Procedures Act ("APA"), 5 U.S.C. §§701-706 et seq. to construction at the Port of Olympia. Defendants seek relief from this Court's Minute Order [Dkt. #8] which required the parties to complete a Fed. R. Civ. P. 26(f) conference, serve initial disclosures, and file a Joint Status Report. Because Fed. R. Civ. P. 26(a)(1)(E)(i) exempts actions to review an administrative record from these requirements, the motions will be **GRANTED.**

Plaintiff seeks a preliminary injunction enjoining "the Port of Olympia from commencing and/or continuing with further construction related to the 'line of sight' airport improvement project prior to their submission of a grant and project application . . ." and prior to FAA approval. [Dkt. #20].[1]

In order to justify the extraordinary measure of injunctive relief under Federal Rule of Civil Procedure 65, the moving party bears a heavy burden. *Canal Authority of the State of Florida v. Callaway*, 489 F.2d 567 (5th Cir. 1974). A party seeking a preliminary injunction must fulfill one of two standards: the "traditional" or the "alternative." *Johnson v. California State Bd. Of Accountancy*, 72 F.3d 1427, 1430 (9th Cir. 1995); *Cassim v. Bowen*, 824 F.2d 791, 795 (9th Cir. 1987). Although two tests are recognized, they are not totally distinct tests. Rather, they are "extremes of a single continuum." *Funds for Animals, Inc. v. Lujan,* 962 F.2d 1391, 1400 (9th Cir. 1992).

Under the traditional standard, a court may issue preliminary relief if it finds that: (1) the moving party will suffer irreparable injury if the relief is denied; (2) the moving party will probably prevail on the merits; (3) the balance of potential harm favors the moving party; and (4) the public interest favors granting relief. *Cassim*, 824 F.2d at 795. Under the alternative standard, the moving party may meet its burden by demonstrating either (1) a combination of probable success and the possibility of irreparable injury or (2) that serious questions are raised and the balance of hardships tips sharply in its favor. *Id*. at 795.

Plaintiff argues the Port of Olympia continues to perform construction at the airport without FAA approval and in violation of state and federal law. However, he does not present any evidence other than his Declaration unsupported by any independent facts that construction is ongoing, that there are threatened species on site, or that other harms are occurring. Additionally, the federal and state governments have filed motions to dismiss (noted May 18, 2007) which make facially plausible arguments that this Court does not have subject matter jurisdiction in this case. Under either the traditional or alternative test, plaintiff fails to carry his burden to obtain preliminary injunctive relief in this case because he fails to demonstrate the likelihood of success on the merits. The motion for a preliminary injunction will be **DENIED**.

**IT IS SO ORDERED.**

---

[1] The Court has considered the Port of Olympia's Motion to Continue, and or Accept Reply and Opposing Motion for Injunction [Dkt. #23]. The Court will deny the motion insofar as it seeks to continue the plaintiff's motion for a preliminary injunction and will grant the motion insofar as it requests the Court consider it as a reply.

1    The Clerk shall send uncertified copies of this order to all counsel of record, and to any party appearing
2 pro se.

3    Dated this 20th day of April, 2007.

*[signature: Ronald B. Leighton]*

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE