HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ARTHUR S. WEST,

    Plaintiff,

v.

UNITED STATES SECRETARY OF TRANSPORTATION, FEDERAL AVIATION ADMINISTRATION, U.S. ARMY CORPS OF ENGINEERS, WASHINGTON STATE DEPARTMENT OF TRANSPORTATION, PORT OF OLYMPIA,

    Defendants.

Case No. C06-5516  RBL

ORDER

## I. INTRODUCTION

Pending before the court are the Motions to dismiss by Defendant Washington State Department of Transportation (WSDOT), Dkt. No. 13, and Defendants United States Secretary of Transportation, Federal Aviation Administration, and the U.S. Army Corps of Engineers (collectively, the "Federal Defendants"), Dkt. No. 14. The court has considered the pleadings filed in support of and in opposition to the motions and the file herein.

Plaintiff challenges the decisions to approve and construct three projects in the Olympia area: a rail project (referred to as the "Intermodal Infrastructure Enhancement Project"), an air terminal expansion project, and a dredging project in Olympia Harbor. Plaintiff alleges that the defendants violated the National Environmental Policy Act (NEPA), 42 U.S.C. §§ 4321 , et seq., the Washington State Environmental Policy

Act (SEPA), RCW 43.21C, the Administrative Procedures Act, 5 U.S.C. § 553, et seq., and the Civil Rights Act, specifically, 42 U.S.C. §§ 1983-85.

WSDOT and the Federal Defendants moved to dismiss on various grounds, including Fed. R. Civ. P. 8(a) and 12(b)(6), and lack of subject matter jurisdiction.

Plaintiff Mr. West has appeared *pro se.* Courts in this Circuit have long held that, particularly where a *pro se* petitioner is facing dismissal, the court will construe his or her pleadings liberally. *See Balistreri v. Pacifica Police Dept.* 901 F.2d 696, 699 (9th Cir.1990); *Bretz v. Kelman*, 773 F.2d 1026, 1027 n. 1 (9th Cir.1985) ("[W]e have an obligation where the petitioner is pro se... to construe the pleadings liberally and to afford the petitioner the benefit of any doubt.") The court is aware of and has applied this rule of liberality.

## II. DISCUSSION

### Washington State Department of Transportation

WSDOT moved to dismiss for failure to state a claim under Fed. R. Civ. P. 8(a) and 12(b)(6), arguing in part that Plaintiff's claims must be dismissed without leave to amend because the Eleventh Amendment bars suits in federal court brought against a non-consenting state by its own citizens. The court agrees and DISMISSES all claims against WSDOT.

As an initial matter, the complaint is deficient under Fed. R. Civ. P. 8(a) because it does not provide sufficient information for WSDOT to understand the nature of and respond to Plaintiff's claims against it. For example, the WSDOT is mentioned only once in Plaintiff's complaint, in paragraph 3.6, where defendant WSDOT is named as a state agency charged with compliance with law, including NEPA and SEPA. The complaint describes no facts that explain why WSDOT is included as a defendant in this action. In later documents filed with the court, Plaintiff clarified the factual basis of his claim against WSDOT. Based on these later clarifications, in other circumstances, the court would have given Plaintiff leave to amend his complaint. However, in the present circumstances, any amendment would be futile because Plaintiff's claims, even if properly plead, would be barred by the Eleventh Amendment.

The U.S. Supreme Court has repeatedly held that under the Eleventh Amendment, "an unconsenting State... is immune from suits by its own citizens." *Tennessee Student Assistance Corp. v. Hood,* 541 U.S. 440, 446, 124 S.Ct. 1905, 1909 (2004). More specifically, the Ninth Circuit has recognized that this immunity extends to suits against state agencies under both NEPA and the Civil Rights Act. *Fund for*

*Animals, Inc. v. Lujan,* 962 F.2d 1391, 1397 (9th Cir. 1992); *Peters v. Lieuallen,* 693 F.2d 966, 970 (9th Cir. 1982).

Plaintiff did not include a SEPA claim in his complaint, but he did reference SEPA violations in the complaint and in his briefing. Although the court generally must afford a *pro se* plaintiff an opportunity to file an amended complaint, Plaintiff may not amend his complaint to add a SEPA claim because such amendment would be futile. *See Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir.1987); *Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000); *Reddy v. Litton Indus.*, Inc., 912 F.2d 291, 296 (9th Cir.1990); *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir.1989). The amendment would be futile because the state has not unequivocally consented to be sued in federal court for alleged violations of SEPA. Therefore, the Eleventh Amendment bars Plaintiff from proceeding in federal court against WSDOT for violations of SEPA. *See Lujan,* 962 F.2d at 1397 (Eleventh Amendment bars federal claims against the state for violations of state environmental protection act).

Accordingly, all claims against WSDOT are DISMISSED with prejudice.

<u>Federal Aviation Administration and United States Secretary of Transportation</u>

The Federal Aviation Administration and the United States Secretary of Transportation (collectively, FAA) moved to dismiss for lack of subject matter jurisdiction, arguing first that Plaintiff's NEPA claim is not ripe and second that even if the claim is ripe, the Court of Appeals has exclusive jurisdiction under 49 U.S.C. § 46110. The FAA also argues that the Civil Rights Act claims are barred by sovereign immunity. The court agrees and DISMISSES all claims against the FAA.

Beginning with Plaintiff's Civil Rights Act claims, it has long been recognized that suits against the United States brought under the civil rights statutes are barred by sovereign immunity. *E.g., Davis v. U.S. Dept. of Justice,* 204 F.3d 723, 726 (7th Cir. 2000); *Affiliated Professional Home Health Care Agency v. Shalala,* 164 F.3d 282, 286 (5th Cir.1999); *Unimex, Inc. v. United States Dept. of Housing and Urban Development*, 594 F.2d 1060, 1061 (5th Cir.1979). Thus, Plaintiff's Civil Rights Act claims against the FAA must be dismissed.

Turning to the NEPA/APA claims, even if there has been an action that is ripe for review, this court has no jurisdiction to hear such a claim under 49 U.S.C. § 46110. Plaintiff's NEPA/APA claims arose from the FAA's determination that an airport improvement project at Olympia Regional Airport fits within a

Categorical Exclusion (CE) from NEPA.[1] At the time the complaint was filed, the Port of Olympia, which operates the airport, had submitted an "environmental checklist" for the airport improvement process to the FAA, indicating that it was considering applying for federal funding to re-grade, rehabilitate, and strengthen existing runway surfaces.[2] The FAA examined the environmental checklist and determined that the proposed project fit within one of its promulgated categorical exclusions, Section 310(e) of FAA Order 1050.1E. The FAA's actions were authorized by Part B (Airport Development and Noise) of Subtitle VII of the FAA Act. 49 U.S.C. §§ 47101, et. seq.

It is unclear whether Plaintiff challenges the preliminary funding that the FAA has already provided, whether Plaintiff challenges the agency determination that the proposed project fits within a categorical exclusion, or whether Plaintiff challenges the future grants that the FAA intends to make if funds are available. However, regardless of the exact nature of Plaintiff's claims, they must be dismissed because this court has no jurisdiction to hear any of them. Section 46110 of the FAA Act vests exclusive jurisdiction in the Courts of Appeal for review of certain FAA orders:

> (a) Filing and venue.– ...[A] person disclosing a substantial interest in an order issued by the Secretary of Transportation (or ... the Administrator of the Federal Aviation Administration with respect to aviation duties and powers designated to be carried out by the Administrator) in whole or in part under this part, *part B*, or subsection (l) or (s) of section 114 may apply for review of the order by filing a petition for review in the United States Court of Appeals for the District of Columbia Circuit or in the court of appeals of the United States for the circuit in which the person resides or has its principal place of business. ....

49 U.S.C. § 46110 (emphasis added). Section 46110 was amended in 2003 to "clarify that decisions to take actions authorizing airport development projects are reviewable in the circuit courts of appeals under

---

[1] NEPA requires government agencies performing activities possibly affecting the quality of the human environment to make a statement concerning the environmental impact of the action, alternatives to the action, and any "irreversible and irretrievable commitments of resources which would be involved in the proposed action." 42 U.S.C. §§ 4321 et seq. (2000). NEPA's implementing regulations allow a federal agency to adopt categorical exclusions from the mandatory reporting requirements for a "category of actions which do not individually or cumulatively have a significant effect on the human environment." 40 C.F.R. § 1508.4 (2001).

[2] The Port had previously received some federal funding that it had used for preliminary design work related to the project. After the complaint was filed, the Port formally applied for federal grant funds associated with the airport improvement project. The FAA regional office replied, expressing an intent to award such a grant in the future, if funds are available. While these facts may be relevant to the issue of ripeness, they do not alter the jurisdictional analysis.

ORDER
Page - 4

1  section 46110, notwithstanding the nature of the petitioner's objections to the decision."[3] H. R. Conf. Rep.
2  108-240, § 106 (July 25, 2003) (2003 WL 21734243, 113). Thus, because the FAA's actions relating to
3  this airport development project were taken under Part B of the FAA Act, to the extent they are reviewable
4  at all, they are reviewable only in the Ninth Circuit Court of Appeals. Accordingly, even construing the
5  complaint as liberally as possible, the court has no jurisdiction to hear Plaintiff's NEPA/APA claims against
6  the FAA, and those claims must be DISMISSED.

U.S. Army Corps of Engineers

The U.S. Army Corps of Engineers (the Corps) moved to dismiss for failure to state a claim for which relief can be granted. As with the claims against the FAA, the exact nature of the claims against the Corps is unclear from the complaint. Plaintiff's subsequent filings[4] did clarify that the Corps is a defendant in this action because of its involvement in a project to dredge Olympia harbor, but despite a liberal construction of the complaint, no facts are alleged that imply any wrongdoing on the part of the Corps. Therefore, the complaint, as written, is insufficient to survive dismissal under Fed. R. Civ. P. 12(b)(6). Plaintiff, however, requests leave to amend his complaint in order to cure this defect.

Federal Rule of Civil Procedure 15 governs amendment of pleadings. "A party may amend the party's pleading ... [after a responsive pleading is served] only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Given that the purpose of pleadings is "to facilitate a proper decision on the merits," *Conley v. Gibson*, 355 U.S. 41, 48 (1957), Rule 15 is to be applied with "extreme liberality," *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir.2003) (quoting *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir.1990)).

Because Plaintiff appears *pro se*, the court grants him leave to amend his complaint. The amended complaint will act as a complete substitute for the original; therefore, the amended complaint should include not only claims against the Corps, but also the claims against the other remaining defendant,

---

[3]To support his argument that this court has jurisdiction to hear his claims against the FAA, Plaintiff relies on a pair of cases that have been superceded by the 2003 amendments to § 46110. *See St. John's United Church of Christ v. City of Chicago,* 401 F. Supp. 2d 887, 903 n.10 (N.D. Ill. 2005).

[4]"[C]ourts may look to submissions beyond the complaint to determine what claims are presented by an uncounseled party." *Boguslavsky v. Kaplan,* 159 F.3d 715, 719 (2nd Cir. 1998).

the Port of Olympia. The amended complaint should not, however, attempt to revive the claims that have been dismissed as to the WSDOT, the United States Secretary of Transportation, and the FAA. The amended complaint must be received within **15 days** of the date of this Order. Failure to file an amended complaint by such time will result in the dismissal of this action as to the Corps.

The amended complaint should give the Corps "fair notice" of the claim being asserted and the "grounds upon which it rests." *See Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). It therefore needs to contain short, concise, factual allegations that provide enough information for the court and the Corps to identify what specific actions, statutes, and projects are at issue.

The Corp's motion to dismiss is therefore DENIED pending Plaintiff's amendments.

### III. CONCLUSION

For the reasons stated above, Washington State Department of Transportation's Motion to Dismiss, Dkt. No. 13, is GRANTED. The United States Secretary of Transportation and Federal Aviation Administration's Motion to Dismiss, Dkt. No. 14, is GRANTED. The U.S. Army Corps of Engineers's Motion to Dismiss, Dkt. No. 14, is DENIED. It is so ordered.

The Clerk is directed to send a copy of this Order to plaintiff, and note the due date for the amended complaint as **15 days** of the date of this Order**.**

DATED this 15 day of June, 2007.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE