`                                                    HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ARTHUR S. WEST,

                    Plaintiff,                        Case No. C06-5516  RBL

            v.                                        ORDER

UNITED STATES SECRETARY OF
TRANSPORTATION, FEDERAL
AVIATION ADMINISTRATION, U.S.
ARMY CORPS OF ENGINEERS,
WASHINGTON STATE DEPARTMENT
OF TRANSPORTATION, PORT OF
OLYMPIA,

                    Defendants.

        Pending before the court is Plaintiff's Motion for Reconsideration, Transfer, and Final Order

Subject to Appeal, Dkt. No. 35. Having considered the entirety of the records and file herein, the Court

finds and rules as follows.

        In this motion, Plaintiff reiterates several arguments that have been rejected by this Court in

previous orders, seeking numerous alternative forms of relief, including reconsideration of the court's

order of dismissal, Dkt. No. 34; leave to amend the complaint to revive dismissed claims against the FAA;

transfer of the claims against the FAA to the Ninth Circuit and transfer of the remaining claims to a

magistrate judge; and entry of judgment under Fed. R. Civ. P. 54(b) as to the claims that have been

dismissed.

1

2

Motion for Reconsideration

3      Under Local Rule 7, " [m]otions for reconsideration are disfavored. The court will ordinarily deny

4 such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or

5 legal authority which could not have been brought to its attention earlier with reasonable diligence."  CR

6 7(h), Local Rules W.D. Wash.

7      The Court did not err in its previous ruling and will not reconsider it here. Plaintiff has made

8 conclusory allegations of manifest error, but has shown nothing more than the fact that Plaintiff disagrees

9 with the court's previous ruling. Plaintiff has also shown no new facts or legal authority that could not

10 have been brought to the court's attention earlier. Therefore, Plaintiff's motion to reconsider the court's

11 order of dismissal, Dkt. No. 34, is DENIED.

12

13

Leave to Amend Complaint

14      Plaintiff requests leave to amend his complaint to resurrect claims that have been dismissed. In its

15 order on June 15, 2007, Dkt. No. 34, the court granted Plaintiff 15 days to amend his complaint, specifying

16 that

> the amended complaint should include not only claims against the Corps, but also the claims
> against the other remaining defendant, the Port of Olympia. **The amended complaint**
> **should not, however, attempt to revive the claims that have been dismissed as to the**
> **WSDOT, the United States Secretary of Transportation, and the FAA**.

17

18

19

20      The court reiterates its position regarding the permissible content of the amended

21 complaint—Plaintiff has leave to amend his complaint so as to state proper claims against the U.S. Army

22 Corps of Engineers and the Port of Olympia. Plaintiff may not attempt to revive claims that have been

23 dismissed, and Plaintiff's motion for leave to amend his complaint to revive claims that have been dismissed

24 is DENIED. However, because Plaintiff was obliged to wait a week for this order in response to his motion

25 for reconsideration, the court will grant Plaintiff an additional week to amend the complaint. Plaintiff's

26 amended complaint is therefore due on Monday, July 9, 2007.

27

28

Transfer of Claims

Plaintiff's request that the court transfer his claims against the FAA to the Ninth Circuit is DENIED. If Plaintiff wishes to pursue those claims, he may file a new complaint in the Ninth Circuit. Plaintiff's request that the court transfer his remaining claims to a magistrate judge is also DENIED. After Plaintiff files his amended complaint, however, he will have the opportunity to consent to have the case heard before a magistrate judge.

Entry of Judgment under Rule 54(b)

> Judgments under Rule 54(b) must be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties. .... A similarity of legal or factual issues will weigh heavily against entry of judgment under the rule, and in such cases a Rule 54(b) order will be proper only where necessary to avoid a harsh and unjust result, documented by further and specific findings.

*Morrison-Knudsen Co., Inc. v. Archer*, 655 F.2d 962, 965 (9th Cir. 1981).

Entering judgments under Fed. R. Civ. P. 54(b) in this case is not proper because such judgments would result in duplicative proceedings. As to the FAA, if a 54(b) judgment were entered, then Plaintiff would be litigating two different cases against the FAA in front of the Ninth Circuit: the appeal of the dismissal in this case and the appeal of the FAA's determination that the airport improvement project falls within one of its categorical exclusions. As to the Washington State Department of Transportation (WSDOT), Plaintiff's surviving claims against the Port of Olympia and possibly the U.S. Army Corps of Engineers deal with issues that are closely related to the legal and factual issues surrounding the dismissed claims against the WSDOT.[1] Such similarity of issues weighs heavily against entry of judgment under Rule 54(b). *See id.* Accordingly,  Plaintiff's motion that the court enter final judgment under Fed. R. Civ. P. 54(b) as to the claims that were dismissed against the FAA (and the U.S. Secretary of Transportation) and the WSDOT is DENIED.

---

[1]Based on the complaint and subsequent filings, it appears that both the WSDOT and the Port of Olympia are involved in the Intermodal Infrastructure Enhancement Project (IIEP). The U.S. Army Corps of Engineers may also be involved in the IIEP.

1       For the reasons stated above, it is

2       ORDERED that Plaintiff's Motion for Reconsideration, Transfer, and Final Order Subject to

3   Appeal, Dkt. No. 35, is DENIED.

4       The Clerk is directed to send a copy of this Order to plaintiff, and note the due date for the

5   amended complaint as **July 9, 2007**.

6

7       DATED this 2nd day of July, 2007.

8

9

10

11   RONALD B. LEIGHTON
     UNITED STATES DISTRICT JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER
Page - 4