HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ARTHUR S. WEST,

   Plaintiff,

  v.

UNITED STATES SECRETARY OF TRANSPORTATION, FEDERAL AVIATION ADMINISTRATION, U.S. ARMY CORPS OF ENGINEERS, WASHINGTON STATE DEPARTMENT OF TRANSPORTATION, PORT OF OLYMPIA,

   Defendants.

Case No. C06-5516  RBL

ORDER

  In its order on June 15, 2007, Dkt. No. 34, the court granted Plaintiff leave to amend his complaint, specifying that the amended complaint must comply with the following terms: "the amended complaint will act as a complete substitute for the original; therefore, the amended complaint should include not only claims against the Corps, but also the claims against the other remaining defendant, the Port of Olympia." The court later granted Plaintiff additional time to amend his complaint, but reiterated all other terms of the original order, Dkt. No. 36.

  On July 9, Plaintiff filed an amended complaint, Dkt. No. 37, that does not comply with the court's order, Dkt. No. 34. Specifically, the amended complaint does not act as a "complete substitute for the original." Rather, Plaintiff submits "additional claims to those contained in the original complaint, which is fully incorporated by reference herein." Dkt. No. 37, p1. Furthermore, the amended complaint appears to

contain claims only against the U.S. Army Corps of Engineers, omitting Plaintiff's claims against the Port of Olympia. Because the amended complaint does not comply with the terms of the court's order granting leave to amend, Dkt. No. 34, the court rejects Plaintiff's amended complaint, Dkt. No. 37.

The court once again grants Plaintiff leave to amend his complaint and once again reiterates the requirements for the amended complaint. The amended complaint **will act as a complete substitute for the original**; therefore, the amended complaint should include not only claims against the Corps, but also the claims against the other remaining defendant, the Port of Olympia. The amended complaint should not, however, attempt to revive the claims that have been dismissed as to the WSDOT, the United States Secretary of Transportation, and the FAA.

The amended complaint should give both the Corps and the Port "fair notice" of the claim being asserted and the "grounds upon which it rests." *See Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). It therefore needs to contain short, concise, factual allegations that provide enough information for the court, the Corps, and the Port to identify what specific actions, statutes, and projects are at issue.

To act as a complete substitute for the original, the amended complaint must stand entirely on its own: it may not incorporate other pleadings by reference. The court and the defendants must have one single document that fully describes the nature of all claims made against all defendants.

An amended complaint that complies with all of the terms set out above must be received within **15 days** of the date of this Order. Failure to file an amended complaint by such time will result in the dismissal of this action as to the Corps.

It is so ORDERED.

The Clerk is directed to send a copy of this Order to Plaintiff, and note the due date for the amended complaint as **15 days** of the date of this Order**.**

DATED this 24th day of July, 2007.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE

Page - 2