HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ARTHUR S. WEST,<br><br>               Plaintiff,<br><br>      v.<br><br>UNITED STATES ARMY CORPS OF ENGINEERS, PORT OF OLYMPIA,<br><br>               Defendant. | Case No. C06-5516 RBL<br><br>ORDER |

## I. INTRODUCTION

Pending before the Court are plaintiff's motion for preliminary injunction [Dkt. #43], plaintiff's motion to amend his amended complaint [Dkt. #43], and plaintiff's motion to compel a record [Dkt. #43]. Also pending before the Court is United States Army Corps of Engineers' (Corps) motion to dismiss [Dkt. #46], in which the Port of Olympia joins [Dkt. #53].

In his amended complaint [Dkt. #39] plaintiff sued several state and federal entities challenging the Corps' decision to the approval and construction of three projects in the Olympia area: a rail project, an air terminal expansion project, and dredging in Olympia Harbor. In its Order of June 15, 2007 [Dkt. #34], the Court dismissed all claims against the Washington State Department of Transportation, the United States Secretary of Transportation and the Federal Aviation Administration. The Court denied a motion by the Army Corps of Engineers to dismiss for failure to state a claim and ordered plaintiff to file an amended complaint clarifying the nature of the alleged wrongdoing committed by the Corps. As a result of the

ORDER
Page - 1

Court's Order and plaintiff's Amended Complaint it would appear that the only "projects" potentially implicated by plaintiff's current action are the Olympia Harbor Maintenance Dredging and Minor Widening Project and the West Bay Berths 2 and 3 Interim Action Project. The Court has been informed that the West Bay Project has been withdrawn from consideration and has therefore never been the subject of an agency action which plaintiff could challenge. The Court will therefore focus its attention on the Maintenance Dredging and Minor Widening Project in the Port of Olympia. Plaintiff alleges that the Corps and the Port of Olympia (Port) violated the National Environmental Policy Act (NEPA), 42 U.S.C. §§ 4321, et seq., the Washington Environmental Policy Act (SEPA), RCW 43.21C, the Administrative Procedures Act (APA), 5 U.S.C. § 553, et seq., and the Civil Rights Act, specifically, 42 U.S.C. §§ 1983-85.

Defendants have moved to dismiss on various grounds, including Fed. R. Civ. P. 12(b)(1), for lack of subject matter jurisdiction.

Of the claims asserted in the amended complaint, only the NEPA claim holds the potential for conferring subject matter jurisdiction upon this Court. The other claims either do not provide an independent basis for jurisdiction or are barred by sovereign immunity.

First, Mr. West appears to be asserting a claim under Washington's State Environmental Policy Act ("SEPA"), RCW 43.21C. However, such a claim may not be asserted against the U.S. Army Corps of Engineers. "The basic rule of federal sovereign immunity is that the United States cannot be sued at all without the consent of Congress." *Block v. North Dakota*, 461 U.S. 273, 287 (1983). The United States has not waived sovereign immunity with respect to SEPA, is not bound by its provisions, and may not be sued for a purported violation of SEPA.

Mr. West's amended complaint also purports to assert a *qui tam* action.[1] However, the United States has also not waived sovereign immunity for purposes of an action based on the *qui tam* statutes. *See Wood ex rel. U.S. v. American Institute in Taiwan*, 286 F.3d 526, (D.C. Cir. 2002) (institute was an agency or instrumentality of the United States and therefore immune from *qui tam* suit).

---

[1] The presumed statutory basis for this claim is the *qui tam* statute, 31 U.S.C. §3730, *et seq*.

ORDER
Page - 2

<mark><mark><mark>

1    The amended complaint also attempts to state a claim based on the so-called "All Writs Act," 28 U.S.C. §1651(a).[2] However, it has long been held that the All Writs Act does not create subject matter jurisdiction, and may be invoked by a Court only in aid of jurisdiction which it already possesses. *Lights of America v. United States District Court*, 130 F.3d 1369, 1370 (9th Cir. 1997) (*citing Stafford v. Superior Ct.*, 272 F.2d 407, 409 (9th Cir. 1959)).

The amended complaint's prayer for declaratory relief also cannot save it from dismissal for lack of subject matter jurisdiction. The Declaratory Judgment Act, 28 U.S.C. §23201, does not create an independent jurisdictional basis for suits in federal court. *Fiedler v. Clark,* 714 F.2d 77, 79 (9th Cir. 1983) (*citing Skelly Oil Co. v. Phillips Petroleum Co.,* 339 U.S. 667, 671-74 (1950)). Rather, it presupposes an independent form of jurisdiction. The statute begins: "[i]n a case of actual controversy *within its jurisdiction . . ." Id. (emphasis added).* Thus, declaratory relief is only available if some other jurisdictional basis for a claim exists. The Act "merely provides procedural and remedial flexibility to the federal courts." *Geni-Chlor International, Inc. v. Multisonics Development Corporation,* 580 F.2d 981, 984 (9th Cir. 1978). Accordingly, Mr. West must establish jurisdiction for and prevail on a claim for relief under some other authority before he is entitled to seek declaratory relief.

Lastly the amended complaint alleges a "Violation of Federally Protected Civil Rights." Plaintiff's Amended Complaint at ¶6.3. The complaint cites as the basis for this claim "42 U.S.C. 1983-5," *id*. at ¶1.1, but otherwise fails to say how these rights were violated or by whom, alleging only that "defendants conspired to obstruct the exercise of federally protected rights under color of State law and usages, customs and procedures . . ." *Id*.[3]

Additionally, with respect to the Corps, this Court has already held "it has long been recognized that suits against the United States brought under the civil rights statutes are barred by sovereign immunity." Dkt. #34 at 3, ll. 20-25 (*citing, Davis v. U.S. Dept. of Justice,* 204 F.3d 723, 726 (7th Cir.

---

[2]28 U.S.C. §1651(a) provides:

> The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.

[3]The burden of pleading and proving that subject matter exists is on the party seeking to invoke that jurisdiction. *See Jackson v. California Department of Mental Health*, 399 F.3d 1069, 1074 (9th Cir. 2005) ("[I]t is not our duty to hypothesize circumstances under which jurisdiction might have been proper.").

ORDER
Page - 3

2000); *Affiliated Professional Home Health Care Agency v. Shalala,* 164 F.3d 282, 286 (5th Cir. 1999); *Unimex, Inc. v. United States Dept. of Housing and Urban Development*, 594 F.2d 1060, 1061 (5th Cir. 1979)). Thus, Mr. West's civil rights claims against the Corps must be dismissed.

In summary, with the sole exception of Mr. West's APA/NEPA claim, which as discussed below, is subject to dismissal for other reasons, none of the purported bases for subject matter jurisdiction cited in the amended complaint provide even an arguably valid basis for the exercise of jurisdiction over the claims asserted in the amended complaint against the U.S. Army Corps of Engineers.

## II.  FACTS

The dredging project plaintiff seeks to enjoin required Corps approval and was conducted by the Corps.  On August 22, 2007 the Corps approved the Olympia Harbor Maintenance Dredging and Minor Widening Project. [Dkt. #46].  The dredging project commenced in early October 2007 and was completed in November 2007.  The defendants assert mootness as an additional reason for dismissing this action.

## III. PROCEDURAL HISTORY

Plaintiff filed his original complaint [Dkt. #1] on September 11, 2006.  In his original complaint plaintiff names the United States Secretary of Transportation, the Federal Aviation Administration (FAA), the Corps, the Washington State Department of Transportation (WSDOT), the Corps and the Port. Plaintiff alleged defendants' approval and construction of three projects in the Olympia area (a rail project, an air terminal expansion project, and a dredging project in Olympia Harbor) were done in  violation of NEPA, SEPA, the  APA,and 42 U.S.C. §§ 1983-85. On June 9, 2007 WSDOT filed a motion to dismiss [Dkt. #13], on June 12, 2007 the Secretary of Transportation, the FAA and the Corps filed a motion to dismiss [Dkt. #14]. On June 16, 2007 the Court issued an order [Dkt. #34] granting WSDOT's, the FAA's, and the Secretary of Transportation's motions to dismiss, and denying the Corps' motion to dismiss.

## III.  DISCUSSION

<u>Subject Matter Jurisdiction</u>

As a threshold matter the Court must determine if it has jurisdiction.  After a review of the record the Court has determined that it does not have subject matter jurisdiction and therefor will **DISMISS**

ORDER
Page - 4

plaintiff's complaint.

The APA allows for judicial review of a "final agency action for which there is no other adequate remedy in a court" 5 U.S.C. § 701. "In determining federal court jurisdiction, we look to the original, rather than to the amended complaint. Subject matter jurisdiction must exist as of the time the action is commenced." *Morongo Band of Mission Indians v. California State Board of Equalization,* 858 F. 2d 1376, 1380 (9th Cir. 1988). "If jurisdiction is lacking at the outset, the district court has 'no power to do anything with the case except dismiss.'" *Id., quoting* Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3844, at 32 (1986).

Plaintiff filed his original complaint on September 11, 2006. The Corps did not approve the project in question until August 22, 2007 [Decl. Of Hiram T. Arden p.3, para.5, Dkt. #46]. Because plaintiff filed his original complaint prior to the final agency action by the Corps this Court did not have subject matter jurisdiction at the time the original complaint was filed.

As an additional basis for its motion, the Corps claims plaintiff lacks standing to assert his claims. Specifically, defendants allege that nothing in the complaint alleges that he will suffer any "injury in fact" as a result of the dredging operations he seeks to challenge. Such injury is a prerequisite for bringing a petition for review of an agency action in an Article III court; the Supreme Court "has repeatedly held that an asserted right to have the Government act in accordance with [the] law is not sufficient, standing alone, to confer jurisdiction on a federal court." *Allen v. Wright*, 468 U.S. 737, 754 (1984). A plaintiff must demonstrate injury in fact that is actual or imminent and not conjectural. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). This injury must be fairly traceable to the challenged agency action and it must be likely, rather than merely speculative, that plaintiff's injury will be redressed by a favorable decision. *Id.* at 560-61. Mr. West bears the burden of proof on the issue of standing. *See Warth v. Seldin*, 442 U.S. 490 (1975).[4]

NEPA is a procedural statute, and thus the type of injury which is salient for purposes of standing in the NEPA context are those that are procedural in nature. *Ashley Creek Phosphate Co. v. Norton*, 420

---

[4] The Supreme Court has described standing as being "[i]n essence the question . . . of whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues." *Wrath, supra,* 422 U.S. at 498. Because Article III of the Constitution limits the role of the judiciary to hearing only "cases" or "controversies," constitutional standing ensures that a plaintiff has a sufficient stake in a case to establish a "case" or "controversy." *Ashley Creek Phosphate Co. v. Norton,* 420 F.3d 934, 937 (9th Cir. 2005).

ORDER
Page - 5

F.3d 934, 938 (9th Cir. 2005). That said, however, the analysis of Article III standing is not fundamentally changed by the fact that the claim involves a "procedural" rather than a "substantive" injury. *National Information and Resource Service v. Nuclear Regulatory Commission*, 457 F.3d 941, 949 (9th Cir. 2006). In a "procedural injury" case, to show a cognizable injury in fact, a plaintiff must allege that: (1) the agency violated certain procedural rules; (2) these rules protect a plaintiff's concrete interests; and (3) it is reasonably probable that the challenged action will threaten their concrete interests. *Id*. Stated another way, a procedural injury in the abstract is not alone sufficient to establish standing. Rather, a plaintiff who asserts a procedural injury does not have standing "absent a showing that the 'procedures in question are designed to protect some threatened concrete interest of his that is the ultimate basis of his standing.'" *Ashley Creek Phosphate,* 420 F.3d at 938 (*quoting Lujan v. Defenders of Wildlife*, 504 U.S. 555, 573 n. 8 (1992)); *see also Nuclear Information and Resource Service v. Nuclear Regulatory Commission, supra,* 457 F.3d at 949-50. Thus it is said that: "[a] free-floating assertion of a procedural violation, without a concrete link to the interest protected by the procedural rules, does not constitute an injury in fact." *Id.; and see City of Sausalito v. O'Neill*, 386 F.3d 1186, 1197 (9th Cir. 2004) ("[A] cognizable procedural injury exists when a plaintiff alleges that a proper EIS has not been prepared under NEPA when the plaintiff also alleges a 'concrete' interest - such as an aesthetic or recreational interest - that is threatened by the proposed action.")

The "concrete injury test" essentially requires that there be a "geographic nexus" between the individual asserting the claim and the location suffering an environmental impact. *Ashley Creek Phosphate,* 420 F.3d at 938. Thus, a plaintiff who actually uses the area threatened by a proposed action or who owns land near the site of a proposed action can often establish a concrete interest without difficulty. *Id*. Conversely, without a geographic nexus, this showing becomes much more difficult. *Id.* at 938-939.

Measured by these standards, it is evident that Mr. West's amended complaint fails to demonstrate that he has standing to advance his claims against either defendant. It fails to establish any "legally sufficient link" between his alleged interests, "recreation, leisure, business, and protected bird watching activities," and NEPA's procedural requirement that the environmental impacts of the proposed dredging at the specific sites, be analyzed. *See Ashley Creek Phosphate*, 420 F.3d at 939 (legally sufficient link not established between plaintiff's interest and proposed mining at specific site). Specifically, the amended

complaint is devoid of any allegations which establish that Mr. West has any geographic nexus to the specific areas which will be affected by the two dredging projects or that he is likely to suffer any concrete injury if those projects were to go forward.  Clearly, standing cannot be based on his claimed right as "a citizen" to "life and a healthful environment," amended complaint at ¶3.2, without an allegation that any of Mr. West's interests will be *directly* affected or threatened by the proposed activities.  The Article III standing requirement cannot be satisfied in that way because, without an allegation of direct injury, one is in the position of a plaintiff who raises only a "generally available grievance" against the government and seeks relief that "no more directly and tangibly benefits him than it does the public at large."  *See Nuclear Information and Resource Service, supra,* 457 F.3d at 954.

        The Court does not now have subject matter jurisdiction.  The Corps' motion to dismiss [Dkt. #46] is **GRANTED**.  The Court does not have subject matter jurisdiction over a SEPA claim filed by a citizen of Washington against a political subdivision existing under the laws of Washington.  Plaintiff's action against the United States Army Corps of Engineers and the Port of Olympia is **DISMISSED**.  All pending motions are hereby **DENIED** as **MOOT**.

        **IT IS SO ORDERED.**

        Dated this 12th day of December 2007.

                                        RONALD B. LEIGHTON
                                        UNITED STATES DISTRICT JUDGE